[Civ. No. 2107. Fourth Appellate District.—February 23, 1938.]

W. T. LAMBERT, as County Auditor, etc., Respondent, v. EUGENE FENELON, as Purchasing Agent, etc., Appellant.

B. Z. McKinney and George H. Tobias for Appellant.

L. W. Blodget for Respondent.

BARNARD, P. J.—This is an appeal from an order directing the issuance of a peremptory writ of mandate.

The respondent filed a requisition in due form for an "18 inch carriage L. C. Smith Standard Typewriter" for use in the auditor's office. The appellant refused to comply with the requisition as made, but offered to purchase for the auditor a typewriter of that size and of any make other than the one named in the requisition. He wrote to the auditor as follows:

"In the face of the resolution passed by the Board of Supervisors on March 30, 1937, ordering the Purchasing Agent to give an equitable distribution of supplies and equipment among the firms of Orange County when and where practical, I am compelled to disregard this requisition for an L. C. Smith Typewriter as any one of the other firms handling typewriters are in line for their share of patronage."

The auditor filed a petition for a writ of mandate commanding the purchasing agent to purchase for the use of the auditor's office a typewriter as described in the requisition alleging that he was unable to operate his office efficiently without the same, that the purchase thereof had been refused, and that such refusal was purely arbitrary, unreasonable, dictatorial, unlawful and in disregard and violation of the duty of the purchasing agent. The purchasing agent answered alleging, among other things, that he had offered to furnish the auditor with a typewriter of that size and of any other make, that at the time this request was filed the firm handling L. C. Smith typewriters in Orange County had received more than its share of the business and that at that time other firms in that county handling other standard makes of typewriters were in line for their share of the business pursuant to the above-mentioned resolution of the board of supervisors. A number of affirmative defenses were set up, consisting chiefly of the defense that under the state laws the purchase of such supplies was vested exclusively in the board of supervisors to be exercised through their agent and employee, the purchasing agent, that the matter was entirely within the discretion of the purchasing agent or of the board, and that *mandamus* would not lie to control their discretionary acts.

Evidence was introduced to the effect that a typewriter of this size was needed in the auditor's office; that about twelve typewriters were in use in that office, all of which were

L. C. Smiths; that there were fifteen employees; that all of the typewriter operators in the office were L. C. Smith operators; that machines in the office were used by more than one operator; that it would slow down the work if it was necessary for operators to use different makes of machines; and that the office could be operated more efficiently if the equipment was standarized so that operators would not have to change from one make of machine to another. Among other things, the court found that a typewriter as described in the requisition is necessary for the proper maintenance and operation of the auditor's office, that the auditor is unable to efficiently operate and maintain his office without such a typewriter, that the purchasing agent had offered to purchase a typewriter of that size of any other make but had refused to purchase one of the kind named in the requisition, that the reason given for such refusal was that certain firms handling typewriters were entitled to the patronage and no other reason for the refusal was given, that such refusal is not based upon any ground of efficiency or economy in the operation of the office of the auditor or in the performance of the duties of the purchasing agent, but that said refusal was purely arbitrary, unreasonable, dictatorial, unlawful and in disregard and violation of the duties of the purchasing agent. The issuance of a peremptory writ as prayed for was ordered and this appeal followed.

It is unnecessary to consider all of the points raised or suggested. The facts are undisputed and it has not been contended that the typewriter was not needed or that any issue of quality or economy was involved. The cause was tried solely with regard to appellant's theory that a discretion rests with the board of supervisors, or the appellant as its agent, that the policy of distributing patronage expressed in the resolution referred to was a rightful exercise of this discretion which could not be interfered with by the court, and that the fact that the purchasing agent was acting in accordance with this announced policy was a sufficient defense in this proceeding. The real question to be decided is whether, under the facts here appearing, the issuance of this writ interferes with the proper exercise of any discretion on the part of the board or of the purchasing agent.

Without doubt the power and duty of purchasing supplies for county offices rests with the board of supervisors and in

some counties, in accordance with statutory provision, this duty is delegated to a purchasing agent. It is unnecessary to decide whether, strictly speaking, this agent is an officer or an employee, or whether any discretion which exists rests with the board or with such purchasing agent. A discretion in the purchase of county supplies necessarily exists, but is one which must be reasonably exercised for the public good, and we may assume for the purposes of this decision that such discretion rests with the purchasing agent. The purpose of the statutes which provide for the appointment of a purchasing agent and define his duties is not only to relieve the board of supervisors from the details involved in purchasing necessary supplies, but to concentrate these matters in one office to the end that supplies may be purchased in quantities, that the best prices may be obtained, that waste may be eliminated, and that this phase of the county business may be more economically and efficiently administered in the public interest. It is easy to see that this purpose would often be defeated if the announced policy of distributing patronage to various firms in accordance with their turn, as this policy was interpreted by this appellant, were to be sustained as lawful and as necessarily sufficient. In many cases it would be useless to seek competitive bids or prices if the firms in question knew in advance that the business would be ratably divided among them as their respective turns came.

The powers given to boards of supervisors and to purchasing agents by the statutes were intended to be and are for the benefit of the public and not for the benefit of certain dealers in supplies. The discretion given is likewise one to be exercised in the public interest and not as a means of distributing patronage. Doubtless a discretion may be exercised in determining whether or not an article is needed, but the need is here conceded and no discretion remained to be exercised in that respect. It may be assumed that a discretion also exists with respect to what quality of article is needed in respective cases, and as between a high-priced article and one of lower price. Where such a discretion exists a difference in price or quality may properly determine the exercise thereof. But where articles are standardized to the extent that quality and price are the same, that particular reason for the exercise of discretion no longer exists. We may

further assume that in the absence of any other consideration a discretion exists with respect to which of two similar articles of equal value should be bought, or with respect to where one of them should be bought, since the matter must be decided and the power must rest somewhere. However, as between similar articles of equal value there may be other considerations which affect the matter, and which may be determinative. If the work of a county officer can more efficiently be done with one article than with a similar one of equal value, the public interest demands that such article be furnished where no good reason appears to affect that valid and important reason, and where no issue of economy is involved. In such a case it would be an abuse of discretion to do anything other than purchase the article which would best contribute to the public good. The equitable distribution of county purchases between various sellers may be all right in itself, and commendable up to a certain point, but must not be allowed to interfere with the best possible efficiency in handling the public business. The whole consideration is the public good and if a particular make or kind of article will enable the public business to be better carried on that fact may be controlling. In other words, we think there can be no discretion either in the board of supervisors or in the purchasing agent which can rightfully and properly be exercised when only two courses are open, one of which is in the public interest and the other is not.

While there are a number of typewriters on the market which sell at the same price and are presumably of equal value it is a well-known fact that individual operators have their preferences, that some can do better work on some machines than on others, and it is not unreasonable to believe that the efficiency of operators may be affected if they are required to constantly shift from one make of machine to another. Such a conclusion is supported by the evidence and the findings here.

Assuming that there was any room for discretion in this instance it clearly appears and the court found that the appellant did not exercise or attempt to exercise any discretion with respect to the value of a typewriter or to its suitability for the work for which it was intended. The appellant argues: ''A proper requisition in the case at bar

would have been one which merely requested 'an eighteen inch carriage standard typewriter'—without the insertion of a particular make. Pursuant to such a request the agent could then be given the freedom to contact the open market and decide between the many various makes of machines—concluding which purchase would be most beneficial, in all of its features, for county use.'' It appears without question that the appellant did not desire, intend or propose to exercise any freedom to contact the open market or to decide between the various makes of machines, as to which would be most suitable for this particular use. As presented in the trial court and here, the appellant's position is not that he had a discretion which could otherwise be rightfully exercised in the public interest but that he was bound, by the resolution passed by the board of supervisors, to distribute the patronage to dealers who were then in line for their share of the business, and that he intended so to do without regard to other considerations. The only reason given by the appellant for refusing to honor this requisition is one which has no basis in law, which cannot be sustained under these circumstances, and which furnishes no defense in this proceeding in the face of the showing made by the respondent and in the absence of any other showing on the part of the appellant.

We conclude that, under the facts here appearing, there was no discretion which could be lawfully exercised in another way, and it follows that the order for the issuance of the writ does not in any way interfere with the proper exercise of any discretion on the part of the appellant.

The order is affirmed.

Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1938.